UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CYPROS TRADING & SHIPPING, INC.,

        Plaintiff,

    -against-

CIMA GROUP and TIM ARAIZA, personally and as
Owner and Chief Executive Officer of CIMA GROUP,

        Defendants.

------------------------------------------------------------X

FILED
CLERK

2015 NOV 18 PM 3: 16

U.S. DISTRICT COURT
EASTERN DIS...
VERIFIED
COMPLAINT

Docket Number:

JURY
TRIAL
DEMANDED

**CV 15 - 6560**

IRIZARRY, J.

GO, MJ.

Plaintiff CYPROS TRADING & SHIPPING, INC. by its attorney, RIMONDA K.

DALLOUL, ESQ. complaining of Defendants CIMA GROUP and TIMA ARAIZA,

personally, respectfully alleges as follows:

### NATURE OF THE ACTION

1.    This is an action for money damages for breach of contract, conversion, punitive

damages and treble damages for their Deceptive Acts and Practices Act in violation of

the New York State General Business Law § 349.

2.    Plaintiff is making claims seeking restitution and punitive damages as a result of

the intentional misconduct of the Defendants.

### JURISDICTION AND VENUE

3.    This Court possesses subject matter jurisdiction over Plaintiff's claims pursuant

to 42 U.S.C.§ 1332(a)(2), which creates jurisdiction over civil actions for matters of

controversy in excess of $75,000 between non-domiciliaries of the state and citizens or

1

subjects of a foreign state, where the parties have transacted business within the state and has at least the minimum requisite contacts within the state pursuant to 28 U.S.C. § 1367 which creates supplemental jurisdiction over claims arising under state law.

4.      The Court possess subject matter jurisdiction over the Defendants under C.P.L.R § 302 by virtue of the fact that the Defendants transaction of business was within the state, Defendants committed tortious activity within the state, committed a tortious act without the state, causing injury to personal property within the state and expected or should reasonably expect the acts to have consequences in the state while deriving substantial revenue from interstate and international commerce.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because the Corporate Defendant is subject to personal jurisdiction herein and pursuant to 28 U.S.C. § 1391(a)(2) because  a substantial part of the events and omissions giving rise to the claim occurred within the state, and a substantial part of property that is the subject of the action is situated within the state.

## PARTIES

6.      That at all times herein mentioned, Plaintiff, Cypros & Trading, Inc. ("Cypros") was and still is a New Jersey corporation with a principal place of business at 94 Fulton State, Paterson, New Jersey.

7.      That at all times herein mentioned, the Defendant CIMA GROUP ("Cima") is a Texas corporation with its principal place of business at 118 Vaughan Place, San Antonio, Texas 78201.

8.      That at all times herein mentioned, the Defendant TIM ARAIZA, was and remains Chairman, President, Treasurer and Chief Executive Officer of the Defendant

CIMA GROUP, is a resident of the State of Texas, and is also, upon information and belief, a director and indirect owner, manager and control person of the Defendant CIMA GROUP, its subsidies, parent, sister and affiliated entities.

9.      Plaintiffs demand a trial by jury.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (Breach of Contract)

10.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 9 as if fully set forth again herein.

11.     On or about May of 2012, Plaintiff CYPROS TRADING & SHIPPING, INC. and Defendants entered into a written agreement whereby Plaintiff was to buy from Defendants auto parts. ("hereinafter referred to as the "goods") for the contract price of $124,187.47 Dollars.

12.     Plaintiff CYPROS TRADING & SHIPPING, INC. made four (4) separate payments of for the goods, totaling in the amount of Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars.

13.     Plaintiff CYPROS TRADING & SHIPPING, INC. has made repeated demands upon Defendants for the shipment of the goods, but Defendants have failed and, upon information and belief, for reasons best known to Defendants, intentionally refused to ship the goods, while keeping the Plaintiff's Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars payment.

14.     Upon information and belief, Plaintiff CYPROS TRADING & SHIPPING, INC. has performed all of its contractual duties under the agreement and Defendants have breached the agreement by intentionally failing to ship the goods to Plaintiff and keeping Plaintiff's Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars

3

payment.

15. Upon information and belief, Defendants repeatedly represented to Plaintiff that they were ready, willing and able to ship the goods upon Plaintiff's remaining balance of $35,000.00. Upon information and belief, these were lies designed to secure additional funds from Plaintiff without consideration.

16. Plaintiff paid Defendants as set forth above. Upon information and belief, Defendants breached the agreement by intentionally keeping Plaintiff's funds without consideration or delivery.

17. The total contractual damages due and owing as a result of the Defendants' failure to perform is complete restitution of payments made by Plaintiff to Defendants in the amount of Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars, plus statutory interest from the time of payment made, plus costs, disbursements and attorney's fees for forcing Plaintiff to bring this action.

18. Payment has been duly demanded regularly and payment has been refused.

19. As a result of Defendants' breach of contract as herein alleged, Plaintiff has been damaged in the amount of Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars plus statutory interest from the time of payment made, plus costs, disbursements and attorney's fees.

20. Defendants represented to Plaintiff that the shipment of the goods will take place on November of 2012.

21. Upon information and belief, Defendants made the representations in order to deceive the Plaintiff into foregoing litigation and other collection activity regarding the aforesaid balance due Plaintiff for the goods, upon information and belief, duly purchased

4

by Plaintiff from Defendants pursuant to the terms of the parties' agreement.

22.     Upon information and belief, Plaintiff relied on the representation that Defendant was ready, willing and able to provide the goods for the purchase price paid.

23.     Contrary to the representations detailed above, upon information and belief, Defendant in fact was never ready, willing nor able to deliver the goods and did not and would not deliver.  Upon information and belief, Defendants merely lied to induce payment and forego delivery to Plaintiff.

24.     Upon information and belief, Plaintiff reasonably relied upon the Defendants' representations to its damage.  Said damages are including but not limited to the amount of the investment, accumulated accrued interest on the account balance, costs to litigate the within matter and attorney's fees necessitated by the bad faith of Defendant, all to be determined at the time of trial but believed to be an amount no less than One Million ($1,000,000.00) dollars.

25.     Upon information and belief, had Plaintiff been aware of the Defendant's lies and misrepresentations in order to avoid delivery to Plaintiff after repeated requests and payment, Plaintiff would not have chosen to forego litigation or otherwise attempt to collect the balance due Plaintiff.

26.     Upon information and belief, the aforesaid representations were materially misleading, false and deceptive in that, at the time that they were made, upon information and belief, Defendants knew that they were untrue and/or made the aforesaid representations with a reckless disregard to their truth or falsity.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (Conversion)

27.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 26 as if fully set forth again herein.

28.    At all times, upon information and belief, Defendants have maintained custody and control of the goods duly paid for by Plaintiff, said goods adding value to Defendants' inventory of goods for sale to others.

29.    Repeated requests and formal demands have been made for delivery or restitution for said goods in a timely manner, and, upon information and belief, said requests were repeatedly ignored.

30.    Upon information and belief, Defendants have chosen to exercise dominion and ownership over said goods and payment without restitution nor refund.

31.    Said conversion of the goods and monies the property of Plaintiff has caused Plaintiff damages, said damages as alleged above and herein in an amount to be determined at the time of trial but believed to be no less than One Hundred and Fifty Thousand ($150,000.00) Dollars, together with interest thereon, costs and attorney's fees.

32.    By reason of said conversion, Defendants' conduct as aforesaid was reckless, gross, wanton, and sufficiently heinous to exhibit the degree of morally culpable conduct sufficient to warrant an award of punitive damages in an amount to be determined at the time of trial but believed to be no less than One Million (1,000,000.00) Dollars.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (Violations of New York's General Business Law § 349
### "Deceptive Acts and Practices Act")

33.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 32 as if fully set forth again herein.

34.    Defendants' conduct and misrepresentation as afore described is violative of New York State General Business Law §349, as a "deceptive act and/or practice" and as such, Defendants are liable by virtue of §349 for treble (3X) damages sustained by Plaintiff.

35.    In its violation as mentioned above, in addition to the damages demanded by statute, Defendants' conduct as aforesaid was reckless, gross, wanton, and sufficiently heinous to exhibit the degree of morally culpable conduct sufficient to warrant an award of punitive damages in an amount to be determined at the time of trial but believed to be no less than One Million ($1,000,000.00) Dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Misuse of corporate form)

36.    Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 35 as if fully set forth again herein.

37.    Upon information and belief, the individual Defendant, TIM ARAIZA transferred business assets to his individual accounts held by him in order to deceive Plaintiff and hide business assets from rightful creditors of Defendant personally, and business creditors of the corporate Defendant.

38.    Upon information and belief, the individual Defendant acted in his individual capacity and acted as an alter ego for the corporate Defendant in receiving said money and other assets transferred to him without consideration.

39.    The individual Defendant, by, knowingly accepting said transfers of assets and continuing to hold them in his own name, Defendant have caused the balance rightly due Plaintiff as aforesaid to appear uncollectible.

7

40.    By virtue of the foregoing, as a result of Defendants' conduct as herein alleged, Plaintiff has been damaged in the amount of Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars plus statutory interest from the time of payment made, plus costs, disbursements and attorney's fees.

41.    At all times, upon information and belief, the individual Defendant exercised total domination over the corporate Defendant as mentioned above and utilized that domination in order to commit the wrongs complained of herein.

42.    At all times, upon information and belief, the individual Defendant's exercise of dominion and control over the corporate Defendant was so complete that the corporate Defendant had no separate existence of its own as to Plaintiff; the individual Defendant using the total domination and control to commit deception, theft and other dishonest acts resulting in injury to Plaintiff.

43.    Defendant's cavalier scheme to defraud Plaintiff evidences Defendant's willful and affirmative intention to deceive which warrant piercing of the corporate veil, the corporate form misused by Defendant throughout his business dealings with Plaintiff as herein alleged and rendering Defendant TIM ARAIZA personally and individually liable as herein alleged above.

44.    At all times, upon information and belief, Defendant intended to take the benefit of Plaintiff's payments and in fact did take and keep Plaintiff's payments.

45.    By reason of said misuse of the corporate form, Defendant has caused Plaintiff damages, said damages as alleged above and herein in an amount to be determined at the time of trial but believed to be no less than One Hundred and Fifty ($150,000.00) Dollars, together with interest thereon, costs and attorney's fees.

8

46.     By reason of said misuse of the corporate form, Defendant's conduct as aforesaid was reckless, gross, wanton, and sufficiently heinous to exhibit the degree of morally culpable conduct sufficient to warrant an award of punitive damages in an amount to be determined at the time of trial but believed to be no less than One Million ($ 1,000,000.00) Dollars.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand as follows:

47.     On the first cause of action, as a result of Defendants' breach of contract as herein alleged, Plaintiff has been damaged in the amount Seventy Five Thousand, Seven Hundred Thirty Seven ($75,737.00) Dollars plus statutory interest from the time of payment made, plus costs, disbursements and attorney's fees.

On the second cause of action by reason of the conversion by Defendants, the Plaintiff has damaged in an amount to be determined at the time of trial but believed to be no less than One Hundred and Fifty ($150,000.00) Dollars, together with interest thereon, costs and attorney's fees. By reason of said deception of the Plaintiff, Defendant's conduct as aforesaid was reckless, gross, wanton, and sufficiently heinous to exhibit the degree of morally culpable conduct sufficient to warrant an award of punitive damages in an amount to be determined at the time of trial but believed to be no less than One Million ($ 1,000,000.00) Dollars.

On the third cause of action, Defendant's conduct and misrepresentation as afore-described is violative of New York State General Business Law § 349, as a "deceptive act and/or practice" and as such Defendants are liable by virtue of §349 for treble (3X) damages sustained by Plaintiff. In its violation as described above, in addition to the damages demanded by statute, Defendant's conduct as aforesaid was reckless, gross, wanton, and sufficiently heinous to exhibit

the degree of morally culpable conduct sufficient to warrant an award of punitive damages in an amount to be determined at the time of trial but believed to be no less than One Million ($ 1,000,000.00) Dollars.

On the fourth cause of action, it is respectfully requested that the Court issue an Order piercing the corporate form of the Defendant CIMA GROUP, and hold the individual Defendant, TIM ARAIZA, personally, individually, jointly and severally liable for the payments Plaintiff paid and not refunded, along with the other damages sought herein, including but not limited to:

the costs, expenses, disbursements and attorney fees of this action;

statutory interest on any money, cash or proceeds improperly withheld by Defendant; and

such other and further relief this Court shall deem just, equitable and proper.

Dated: Brooklyn New York
November 18, 2015

RIMONDA K. DALLOUL
8004-5th Avenue
Brooklyn, New York 11209
Tel: (718) 238-8826

10

# ALL EXHIBITS

# ON FILE

## **VERIFICATION**

Rimonda K. Dalloul, Esq. an attorney admitted to practice in the Courts of the State, and attorney for the Plaintiff(s) Cypros Trading & Shipping, Inc. states:

That your affirmant has read the forgoing Complaint and knows the contents thereof and the same is true to the knowledge of your affirmant except to the matters which are stated therein to be alleged on information and belief, and as to those matters your affirmant believes it to be true. The source of your affirmant's information and belief, is an investigation caused to be made with respect to the facts in this action.

That the reason this verification is made by affirmant and not by the Plaintiff(s) is because the Plaintiff(s) do not reside within the country where RIMONDA K. DALLOUL, Esq. maintain her office.

The undersigned affirms that the foregoing statement is true, under the penalty of perjury.

Date: Brooklyn, NY
November 18, 2015

RIMONDA K. DALLOUL, ESQ.